# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFERY JOHN INGRAO, | Case No. 2:23-cv-00234-GMN-DJA |
| Plaintiff, | ORDER DISMISSING AND CLOSING CASE |
| v. | |
| CALVIN JOHNSON, et al., | |
| Defendants. | |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a now-former state prisoner. (ECF No. 1-1). On September 6, 2023, the Court ordered Plaintiff Jeffery Ingrao to file his updated address and either pay the full $402 filing fee for this action or file an application to proceed *in forma pauperis* for a non-inmate by October 6, 2023. (ECF No. 9). The Court warned Ingrao that this action would be subject to dismissal if he did not comply. (*Id.* at 2). That deadline expired without any response from Ingrao, and the Court's mail to him is being returned as undeliverable. (ECF Nos. 10, 12).

I. **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Ingrao's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed without the ability for the Court and the defendants to send Ingrao case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Ingrao is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file his updated address with the Court and either pay the required filing fee or file an application to proceed *in forma pauperis* for a non-inmate in compliance with the Court's September 6, 2023, order. The Clerk of Court is directed

to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Jeffery Ingrao wishes to pursue his claims, he must file a complaint in a <u>new</u> case, provide his updated address to the Court, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

DATED: October 12, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE